USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

CRAIG FRANKLIN,

                    Plaintiff,

-against-

STEPHEN WATERS, COMPASS ADVISERS
GROUP LLC, COMPASS PARTNERS ADVISORS,
LLP, COMPASS PARTNERS INTERNATIONAL,
LLP, and COMPASS PARTNERS
INTERNATIONAL II, LLP.,

                    Defendants.

------------------------------------------------------------ X

**ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
RECONSIDERATION**

16 Civ. 9819 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On October 25 and 30, 2019, I issued orders resolving the above-named parties' cross-motions for summary judgment in this ongoing dispute over payments alleged to be owed to Plaintiff by Defendants, entities and individuals with whom Plaintiff used to work. ECF Nos., 204, 206. The October 30 order made 11 rulings. Plaintiff now seeks reconsideration of two of those rulings. ECF No. 211. The Court assumes familiarity with the facts, claims, and history of this case, which are summarized in the October orders. For the reasons that follow, Plaintiffs' motion for consideration is granted in part and denied in part.

## Discussion

"A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)). "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quotation marks omitted). Motions for reconsideration are "not intended to be [] vehicle[s] for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Nguyen v. MaxPoint Interactive, Inc.*, No. 15-cv-6880, 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017)

### A. Claims under New York Labor Law

This Court's October 30, 2019 order noted, *inter alia*, that despite Plaintiff's pursuit of recovery under New York Labor Law ("NYLL"), neither the operative complaint nor Plaintiff's summary judgment briefing specified which provision (or provisions) of NYLL he was relying upon. *See* ECF No. 206, at 3 n.1. Plaintiff's motion for reconsideration fails again to explain with any particularity the provision(s) upon which he relies. Plaintiff's opening brief includes, for the first time in this litigation, scattered references to NYLL § 193, but § 193 "has nothing to do with failure to pay wages . . . , governing instead the specific subject of making deductions from wages," *Malinowski v. Wall Street Source, Inc.*, No. 09-cv-9592, 2012 WL 279450 (S.D.N.Y. Jan. 31, 2012) (quotation marks omitted). Plaintiff argues in his reply that he is entitled to relief under NYLL §§ 191 and 198-c. But neither provision applies to "any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." NYLL §§ 198-c; *see Malinowski*, 2012 WL 279450 at *3 ("[I]t is firmly established that § 191 is inapplicable to executives."). Plaintiff was employed as a "Vice President" and later a "Director" and was paid a base salary of $155,000 per year, an amount over three times the nine-hundred-dollars-a-week threshold outlined in NYLL § 198-c. Plaintiff argues that he was not an "executive," pointing to testimony perhaps suggesting that Plaintiff

2

was not among the *most* senior employees, but doing little to counteract his generous pay and an array of responsibilities including, *inter alia*, growing Defendants' asset management business, Franklin Dep. ECF No. 189-68, at 38:19-21, managing outreach to investors, *id.* at 39:5-9, and developing new investment strategies, *id.* at 39:9-12. In any case, Plaintiff did not make any attempt to address his status as an executive in the voluminous briefing at summary judgment or in his opening brief here,[1] rendering his current arguments either attempts to improperly relitigate already-decided issues, or waived.

B. Interest on the "CIP Letter Agreement" and Additional Taxes

On the other hand, Plaintiff's claim that the Court miscalculated the date from which interest should run on the so-called "CIP Letter Agreement," ECF No. 171-5, has merit. The CIP Letter Agreement provides for payment to be made "upon collection," *id.*, and as such, Plaintiff is entitled to interest running from the date of each payment to Defendants. Plaintiff is thus owed interest as follows: (1) Interest on $170,000 from February 11, 2014 to November 17, 2015; (2) interest on $23,947.92 from May 12, 2014 to November 17, 2015; (3) interest on $23,776.04 from August 11, 2014 to November 17, 2015; (4) interest on $23,604.17 from November 7, 2014, to November 17, 2015; (5) interest on $23,432.29 from February 9, 2015 to November 17, 2015; (6) interest on $23,260.42 from May 8, 2015 to November 17, 2015; (7) interest on $23,088.54 from August 10, 2015 to November 17, 2015; and (8) interest on $55,351.09 from November 17, 2015 until paid in full.

---

[1] Plaintiff failed to address his status as an executive despite the fact that Defendants explicitly argued—in both their opening and reply brief—that Plaintiff was not entitled to relief due to his being an "executive" for purposes of NYLL. Def. Summary Judgment Mem., ECF No. 166, at 27 n.6; Def. Summary Judgment Reply Mem., ECF No. 193, at 23-24. At oral argument, after it was pointed out that Plaintiff may be an executive under NYLL, Plaintiff's counsel did not object, contending only that "Section 193 of the labor law does not exempt executives." Transcript, ECF No. 207 (Oct. 29, 2019), at 49-51. As explained above, NYLL § 193 is inapplicable here.

However, Plaintiff's claim for additional tax payments purportedly owed on the CIP Letter Agreement, was already considered in full by the Court at oral argument, *see* ECF No. 207, and Plaintiff does not point to any intervening change in law, availability of new evidence, or clear error, that warrant reexamination of my earlier holding. *Cf.* Local Civil Rule 6.3 (requiring that memorandum in support of reconsideration "set[] forth *concisely* the matters or controlling decisions which counsel believes the Court has overlooked").

**Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration is granted in part and denied in part. Plaintiff's motion is denied with respect to NYLL and taxes purportedly due on the CIP Letter Agreement, but granted with respect to interest on the CIP Letter Agreement as set forth above. The Clerk shall terminate the open motion (ECF No. 211).

SO ORDERED.

Dated: January 2, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge